(CORRECTED)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

SEP 1 8 2006

THOMAS K. KAHN
CLERK

06-14742-J

IN RE: JAMAAL BILAL,

Petitioner.

Application for Leave to File a Second or Successive
Habeas Corpus Petition, 28 U.S.C. § 2244(b)

Before  DUBINA,  MARCUS  and  WILSON,  Circuit  Judges.

BY THE PANEL:

Pursuant to 28 U.S.C. § 2244(b)(3)(A), as amended by § 106 of the Antiterrorism and Effective Death Penalty Act of 1996, Jamaal Ali Bilal has filed an application seeking an order authorizing the district court to consider a second or successive petition for a writ of habeas corpus. Such authorization may be granted only if:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). "The court of appeals may authorize the filing of a second or successive

application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." Id. § 2244(b)(3)(C).

In his application, Bilal indicates that he wishes to raise three claims in a second or successive § 2254 petition. First, Bilal claims that he should be able to relitigate claims raised in earlier habeas proceedings because the district court failed to make de novo determinations based on his objections to the magistrate judge's recommendations. (Id. at 5). Bilal asserts that this claim relies upon the new rule of constitutional law announced in Dretke v. Haley, 541 U.S. 386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004). Bilal also contends that this case constitutes newly discovered evidence. (Id.). Second, Bilal claims that he was innocent of the sexually-battery charges against him and that his retrial violated the Double Jeopardy Clause. (Id.). Bilal again asserts that this claim relies on the new rule of constitutional law and the newly discovered evidence of Dretke. (Id. at 6). Third, Bilal claims that his conviction for making a harassing telephone call was unconstitutional because he was factually innocent. (Id. at attached unnumbered 1). Bilal asserts that this claim relies on the new rule of constitutional law and newly discovered evidence of Dretke and Durie v. State, 901 So.2d 171 (Fla. 5th Dist. Ct. App. 2005).

Because Bilal has not shown that the Supreme Court has held that Dretke or Durie are new rules of constitutional law that apply retroactively on collateral review, he has failed to meet the statutory requirements to raise a claim based on a new rule of constitutional law. See Tyler v. Cain, 533 U.S. 656, 665-66, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001). Accordingly, because Bilal has failed to make a prima facie showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive application is hereby DENIED. Bilal's motion to appoint counsel or guardian ad litum is DENIED.

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

NO. 06-14086-G

IN RE: JAMAAL ALI BILAL,

                              Petitioner.

Application for Leave to File a Second or Successive
Habeas Corpus Petition, 28 U.S.C. § 2244(b)

Before       TJOFLAT, MARCUS and WILSON, Circuit Judges.

BY THE PANEL:

     Pursuant to 28 U.S.C. § 2244(b)(3)(A), as amended by § 106 of the Antiterrorism and Effective Death Penalty Act of 1996, Jamaal Ali Bilal has filed an application seeking an order authorizing the district court to consider a second or successive petition for a writ of habeas corpus. Such authorization may be granted only if:

     (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

     (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

     (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). "The court of appeals may authorize the filing of a second or successive

application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." Id. § 2244(b)(3)(C).

Bilal indicates that he wishes to raise three claims in a second or successive § 2254 petition. First, Bilal claims that he should be able to re-litigate claims raised in his 1998 habeas proceeding because the district court judge failed to make de novo determinations regarding his objections to the magistrate's report and recommendation, and that this Court erred in denying this claim, as raised in his March 2006 application for leave to file a second or successive § 2254 petition, because he is entitled to a complete adjudication of all his habeas claims. Bilal asserts that this claim relies on a new rule of constitutional law, namely Stewart v. Martinez-Villareal, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998). Bilal also asserts that this claim relies on newly discovered evidence, specifically, the decision in Martinez-Villareal.

Second, Bilal states that he is actually and factually innocent of charges which led to his conviction for sexual battery, and that the subsequent retrial and resulting nolo plea were barred by the Double Jeopardy Clause. He further claims that his subsequent retrial was also prohibited under the "exclusionary rule." Bilal asserts that this claim relies on a new rule of constitutional law, namely, Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). He also asserts that this claim relies on newly discovered evidence, specifically, the decision in Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 121 S. Ct. 1567, 149 L.Ed.2d 608 (2001).

Third, Bilal claims that his 1995 arrest and conviction for making a harassing telephone call was unconstitutional, and that he is factually innocent of the charges that led to his conviction. Bilal asserts that this claim relies on a new rule of constitutional law, namely Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Bilal also asserts that this claim relies on newly

2

discovered evidence, specifically the decision in <u>Durie v. State</u>, 901 So.2d 171 (Fla. 5th D.C.A. 2005).

With regard to Bilal's first claim, Bilal admits that he raised it in his 1998 § 2254 petition, and thus, he cannot raise it again. <u>See</u> 28 U.S.C. § 2244(b)(1); <u>see also</u> <u>In re Mills</u>, 101 F.3d 1369, 1371 (11th Cir. 1996).

Bilal's second claim fails because it does not rely on a new rule of law or newly discovered evidence. As to his assertion that the claim relies on a new rule of law, the case cited in support of the claim, <u>Schlup</u>, was decided before Bilal filed his 1998 habeas corpus petition, and thus is unavailing to him here. <u>See</u> <u>In re Medina</u>, 109 F.3d 1556, 1566 (11th Cir. 1997) (noting that a new rule of constitutional law is "previously unavailable" under 28 U.S.C. § 2244(b)(2)(A), only if it was "unavailable at the time the first federal habeas application was filed"). As to his assertion that the claim relies on newly discovered evidence, Bilal cites only to <u>Lackawanna</u>. He has failed to explain, however, how this Supreme Court case constitutes "newly discovered evidence," or even relates to his claim, and therefore, his claim does not meet the statutory criteria set forth in 28 U.S.C. § 2244(b)(2)(B).

As to Bilal's third claim, to the extent he is challenging his 1995 conviction, he is precluded from raising that challenge here if he also raised it in a previous § 2254 habeas petition. <u>See</u> 28 U.S.C. § 2244(b)(1); <u>see also</u> <u>In Re Jones</u>, 137 F.3d 1271, 1273 (11th Cir. 1998) (holding that a petitioner was precluded from raising a challenge to a conviction that the petitioner had raised in a prior § 2254 petition, even though the petitioner's challenge was based on newly discovered evidence). Further, Bilal's reliance on <u>Teague</u> is misplaced. <u>Teague</u> was decided in 1989 and thus, is not a new rule of constitutional law because it was available at the time Bilal filed his original

3

habeas petition in 1998. As to Bilal's assertion that the claim relies on newly discovered evidence, although Durie was decided in 2005, Bilal has failed to explain how it constitutes "newly discovered evidence" or establishes by clear and convincing evidence that no reasonable factfinder could have found him guilty. See 28 U.S.C. § 2244(b)(2)(B)(ii); see also In re Boshears, 110 F.3d 1538, 1541 (11th Cir. 1997).

Accordingly, because Jamaal Ali Bilal has failed to make a prima facie showing of the existence of either of the grounds set forth in § 2244(b)(2), his application for leave to file a second or successive petition is hereby DENIED.

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

NO. 06-11662-F

IN RE: JAMAAL ALI BILAL,

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

MAR 3 1 2006

THOMAS K. KAHN
CLERK

Petitioner.

Application for Leave to File a Second or Successive
Habeas Corpus Petition, 28 U.S.C. § 2244(b)

Before **BLACK, BARKETT and MARCUS, Circuit Judges.**

BY THE PANEL:

Pursuant to 28 U.S.C. § 2244(b)(3)(A), as amended by § 106 of the Antiterrorism and Effective Death Penalty Act of 1996, Jamaal Ali Bilal has filed an application seeking an order authorizing the district court to consider a second or successive petition for a writ of habeas corpus. Such authorization may be granted only if:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application

satisfies the requirements of this subsection." Id. § 2244(b)(3)(C).

Bilal now indicates that he wishes to raise essentially four claims in a second or successive § 2254 petition.

First, Bilal states that he is innocent of charges which led to an earlier conviction for sexual battery, and that the nolo plea he made following retrial was predicated on the unavailability of DNA testing at the time. Although Bilal does not check the box indicating that this claim relies upon a new rule of constitutional law, he cites Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), In Re Lott, 366 F.3d 431 (6th Cir. 2004), and Bradley v. Pryor, 305 F.3d 1287 (11th Cir. 2002). In addition, Bilal asserts that this claim relies upon newly discovered evidence, specifically that his constitutional rights were violated when he was denied access to DNA testing regarding the sexual battery offenses.

Second, Bilal claims that an earlier arrest and conviction for making a harassing phone call was unconstitutional. Third, he claims that an order setting his bail at $100,000 was a violation at one point of his Eighth Amendment right to non-excessive bail, which in conjunction with an illegal arrest exacerbated his jail detainment conditions and served as a conduit to the charges that parlayed into the basis of his present confinement. Bilal asserts that these two claims rely upon new rules of constitutional law, namely Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 121 S. Ct. 1567, 149 L.Ed.2d 608 (2001), and Durie v. State, 901 So.2d 171 (Fla.Dist.Ct.App. 2005). Bilal also asserts that these claims rely upon newly discovered evidence, specifically the decision in Durie.

Fourth, Bilal claims that he should be able to re-litigate claims raised in an earlier habeas proceeding because the district court judge in that case failed to make de novo determinations regarding his objections to the magistrate's report and recommendation, and that that failure allowed the State of Florida to commence civil confinement proceedings.

Even if Bilal's present application is liberally construed as seeking to file a separate, successive habeas petition for each of the convictions mentioned above, we find that his application must be denied.

If, in fact, Bilal's prior habeas petition was denied without prejudice, this application for leave to file a second or successive habeas petition is DENIED AS UNNECESSARY. However, assuming that his prior motion was denied with prejudice, the following analysis is applicable.

Bilal's first claim fails because the two United States Supreme Court cases he cites were decided before Bilal filed an earlier habeas corpus petition, so they are unavailing to him here. See In re Medina, 109 F.3d 1556, 1566 (11th Cir. 1997) (noting that a new rule of constitutional law is "previously unavailable" under 28 U.S.C. § 2244(b)(2)(A), only if it was "unavailable at the time the first federal habeas application was filed"). Further, the two United States Courts of Appeals cases cited by Bilal have not established a new rule of constitutional law made retroactive to cases on collateral review. See Tyler, 533 U.S. at 662, 121 S.Ct. at 2482. In addition, Bilal's contention that a DNA test would demonstrate that he actually is innocent of the offense of conviction is, at best, mere speculation, as no test has been performed and he is, in effect, merely requesting that one be ordered. Thus, this information does not constitute newly discovered evidence within the purview of 28 U.S.C. § 2244(b)(2)(B).

With regard to Bilal's second and third claims, to the extent he is challenging his civil commitment, he is precluded from raising that challenge here if he also raised that claim in an earlier habeas petition. See 28 U.S.C. § 2244(b)(1); see also In Re Jones, 137 F.3d 1271, 1273 (11th Cir. 1998) (holding that a petitioner was precluded from raising a challenge to a conviction that the petitioner had raised in a prior § 2254 petition, even though the petitioner's challenge was based on newly discovered evidence). Further, Bilal's reliance on Lackawanna is misplaced to the extent

3

it was decided before Bilal filed his amended § 2254 petition. In addition, the United States Supreme Court has not held that Lackawanna established a new rule of constitutional law made retroactive to cases on collateral review. See Tyler v. Cain, 533 U.S. 656, 662, 121 S.Ct. 2478, 2482, 150 L.Ed.2d 632 (2001) (holding that, as used in § 2244(b)(2)(A), "made" retroactive to cases on collateral review by the United States Supreme Court means "held," and therefore, "the requirement is satisfied only if this Court has held that the new rule is retroactively applicable to cases on collateral review"). To the extent that Bilal has cited to Durie, he has failed to explain why it is either a "newly discovered fact," or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." See 28 U.S.C. § 2244(b)(2)(A),(B).

With regard to Bilal's fourth claim, he is precluded from raising a challenge to his prior conviction because he raised that claim in his earlier habeas motion. See 28 U.S.C. § 2244(b)(1); see also In Re Jones, 137 F.3d at 1273. Furthermore, Bilal fails to show that this claim is based on either a "new rule of constitutional law," or on "newly discovered evidence," and therefore, this claim does not meet the meet the statutory criteria set forth in 28 U.S.C. § 2244(b)(2)(A), and (B).

To the extent that Bilal's previously filed habeas petition was denied with prejudice, because Bilal has failed to make a prima facie showing of the existence of either of the grounds set forth in § 2244(b)(2), his application for leave to file a second or successive petition is hereby DENIED.

4

```
                                                              FILED
                                                       U.S. COURT OF APPEALS
                                                         ELEVENTH CIRCUIT
         IN THE UNITED STATES COURT OF APPEALS
                                                           AUG 1 2 2005
              FOR THE ELEVENTH CIRCUIT

                                                         THOMAS K. KAHN
                                                              CLERK
                    No. 05-14237-H
```

IN RE: JAMAAL ALI BILAL,
f.k.a. John L. Burton,

                                                    Petitioner.

Application for leave to file a second or successive habeas corpus
petition, 28 U.S.C. § 2244(b)(3)(A)

Before: **BIRCH, DUBINA, and WILSON, Circuit Judges.**

BY THE PANEL:

Pursuant to 28 U.S.C. § 2244(b)(3)(A), as amended by § 106 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Jamaal Ali Bilal has filed an application seeking an order authorizing the district court to consider a second or successive petition for a writ of habeas corpus petition. Such authorization may be granted only if:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered through due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Because Bilal filed a § 2254 petition that was denied with prejudice in September 2004, the proposed § 2254 petition would be second or successive. Bilal includes in his application for leave to file a second or successive § 2254 petition that he wishes to challenge the legality of two state convictions that he contends were considered by the state court in concluding that he was a "sexually predator" under the Jimmy Ryce Act,[1] that is, his 1995 misdemeanor conviction for making harassing phone calls to his attorney, and his 1984 conviction for sexual battery. Bilal argues that these claims rely on a "new rule of law" and are supported by the Supreme Court's decision in Lackawanna County District Attorney v. Coss, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001).[2] Bilal also contends that his challenge to the battery conviction is supported by "newly discovered evidence," that is, state caselaw and new developments in DNA testing.

Bilal, however, is precluded from raising these challenges to his prior convictions because he raised them in his original § 2254 petition. See 28 U.S.C. § 2244(b)(1); see also In re Jones, 137

---

[1] The "Jimmy Ryce Act" was enacted in Florida "to create a civil commitment procedure for the long-term care and treatment of sexually violent predators." See Fla. Stat. § 394.910. A person who is found, after a hearing, to be a "sexually violent predator" is "committed to the custody of the Department of Children and Family Services for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large." See id. § 394.917.

[2] In Lackawanna, the Supreme Court generally determined that, "once a state conviction is no longer open to direct or collateral attack in its own right . . . the conviction may be regarded as conclusively valid. [] If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." See Lackawanna, 532 U.S. at 403-44, 121 S.Ct. at 1574. The Supreme Court, however, recognized an exception to this general rule for cases in which the prior conviction was obtained without the benefit of counsel. See id. at 404, 121 S.Ct. at 1574. Moreover, the Supreme Court noted that a possible exception might exist when a state court has, without justification, refused to rule on a properly presented constitutional claim, or when the defendant has obtained compelling evidence of innocence after the time for direct or collateral review has passed. See id. at 405, 121 S.Ct. at 1574-75.

F.3d 1271, 1273 (11th Cir. 1998) (holding that a petitioner was precluded from raising a challenge to a conviction that the petitioner had raised in a prior § 2254 petition, even though the petitioner's challenge was based on newly discovered evidence). Regardless, to the extent Bilal has cited to state caselaw, he has failed to explain why it is either a "newly discovered fact," or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." See 28 U.S.C. § 2244(b)(2)(A), (B). Bilal's reliance on the Supreme Court's decision in Lackawanna also is misplaced because, among other things, Lackawanna was decided in 2001, before Bilal filed his amended § 2254 petition in September 2002. See Felker v.Turpin, 83 F.3d 1303, 1306 (11th Cir. 1996) (holding that a constitutional rule that was made retroactive to cases on collateral review was not "previously unavailable" because the case was decided the day before the original petition was filed). Finally, even if we were to conclude that new developments in DNA testing constituted "newly discovered evidence," Bilal has failed to show that this testing would "clearly demonstrate that [he] would not have been convicted." See In re Boshears, 110 F.3d 1538, 1541 (11th Cir. 1997) (holding that application to file a successive § 2254 petition must be denied if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (quotation omitted)).

Because Bilal has not shown that his proposed claims are based on either a "new rule of constitutional law," or on "newly discovered evidence," he has not met the statutory criteria for filing a successive § 2254 petition. Thus, his application for leave to file a second or successive § 2254 petition is DENIED.